# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                                                Case No. 98-10059-01-JWL

**Cody D. Glover,**

    **Defendant.**

## MEMORANDUM & ORDER

In March 1999, Cody D. Glover entered a plea of guilty to Hobbs Act robbery under 18 U.S.C. § 1951 and to using a firearm during and in relation to a violent crime resulting in murder in violation of 18 U.S.C. § 924(c)(1) and (j)(1) & (2). Mr. Glover was sentenced to 240 months imprisonment on the Hobbs Act count and to life imprisonment on the firearm count, to be served consecutively. Mr. Glover did not file a direct appeal. Mr. Glover filed a § 2255 petition challenging the constitutionality of the Hobbs Act's jurisdictional predicate, which this court denied. The Tenth Circuit subsequently denied a certificate of appealability on that issue.

In April 2017, Mr. Glover filed with the Tenth Circuit a motion for leave to file a successive § 2255 petition in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). That motion has been abated by the Circuit. In the meantime, Mr. Glover has filed a motion to appoint counsel (doc. 429) and for a copy of his sentencing transcript (doc. 430) to assist him in preparing his anticipated successive petition. Mr. Glover's motion to appoint counsel is denied. There is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994). "[T]he right to appointed counsel

extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Nonetheless, if the Circuit ultimately grants Mr. Glover's motion for leave to file a successive petition, and Mr. Glover then files an authorized successive petition that reflects he may be entitled to relief, the court will consider a request for the appointment of counsel at that point.

Mr. Glover also seeks a copy of his sentencing transcript and the record reflects that Mr. Glover has filed a transcript order form indicating his willingness to pay for that transcript. Unfortunately, the Chief Deputy Clerk of the Court has represented to the court (and to Mr. Glover, in a June 11, 2018 letter that was sent to Mr. Glover and entered on the docket (doc. 438)) that a comprehensive search has not uncovered the court reporter's notes for that hearing and, as a result, the Chief Deputy Clerk of the Court has determined that the notes (and, consequently, any transcript that could be generated from those notes) were inadvertently destroyed. Thus, because the court cannot fulfill Mr. Glover's request, the motion must be denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Glover's motion to appoint counsel (doc. 429) is **denied** and his motion for sentencing transcript (doc. 430) is **denied**.

**IT IS SO ORDERED.**

Dated this 19th day of July, 2018, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge