IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CODY D. GLOVER, )<br>)<br>Defendant. )<br>)<br>_____) | Case No. 98-10059-01-JWL |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's petition for relief pursuant to 28 U.S.C. § 2255 (Doc. # 444). For the reasons set forth below, the Court **denies** the petition.[1]

### I.   **Background**

In 1999, defendant pleaded guilty to one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951 and one count of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). In 2000, the Court denied defendant's petition for relief under Section 2255, and the Tenth Circuit subsequently refused to grant defendant a certificate of appealability and dismissed defendant's appeal.

---

[1] Because the petition and records of this case show conclusively that defendant is not entitled to relief, the Court need not conduct a hearing. *See* 28 U.S.C. § 2255(b).

On January 8, 2020, the Tenth Circuit granted defendant authorization to file a second Section 2255 petition challenging his Section 924(c) conviction, based on the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). The Tenth Circuit noted that defendant met the requirement for filing a second petition because *Davis* announced a new rule of constitutional law that the Supreme Court made retroactive, although the Tenth Circuit noted that it was not considering the merits of defendant's petition.[2]

In light of that order, this Court appointed the Federal Public Defender to represent defendant for the purpose of filing a new Section 2255 petition. Counsel filed such a petition on defendant's behalf on June 24, 2020 (Doc. # 444), to which the Government responded. On July 23, 2020, defendant filed a pro se motion requesting termination of appointed counsel and an extension of time to file an amended petition. On August 5, 2020, the Court granted that motion and set a deadline of September 21, 2020, for defendant's amended petition. On October 7, 2020, after that deadline had passed without a new filing, the Court ordered defendant to show cause by November 9, 2020, why the Court should not act on the June 24 petition in the absence of an amended petition. Defendant has not responded to the show cause order.

---

[2] The Tenth Circuit also noted that it was not considering the existence or applicability of any plea agreement waiver. The Government has not sought to enforce any such waiver in response to the instant petition, however.

## II. Analysis

In the absence of an amended petition, the Court considers the petition filed by counsel on defendant's behalf. By that petition, defendant seeks to vacate his Section 924(c) conviction based on the *Davis* decision. In *Davis*, the Supreme Court struck down as unconstitutionally vague the definition of a "crime of violence" in that statute's residual clause, 18 U.S.C. § 924(c)(3)(B). *See Davis*, 139 S. Ct. 2319. Thus, to succeed on his petition, defendant must show that his conviction could not have been based on the statute's elements clause, 18 U.S.C. § 924(c)(3)(A), which defines "crime of violence" to mean a felony that has the use of physical force as an element. *See id.*

The Tenth Circuit has explicitly held, however, that Hobbs Act robbery in violation of 18 U.S.C. § 1951 is categorically a "crime of violence" as defined by the elements clause of Section 924(c)(3)(A). *See United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060-66 (10th Cir.), *cert. denied*, 139 S. Ct. 494 (2018); *see also United States v. Toki*, 822 F. App'x 848, 853 (10th Cir. 2020) (unpub. op.) (recognizing *Melgar-Cabrera* as binding precedent on this issue). Indeed, in accordance with his duty of candor, defendant's counsel concedes in the petition that the Tenth Circuit and all other circuit courts to have considered the issue have rejected defendant's argument. The Court is bound to apply Tenth Circuit precedent that holds that Hobbs Act robbery indeed qualifies as a crime of violence under Section 924(c)(3). Accordingly, the Court denies defendant's petition to vacate his conviction under that statute.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3] To satisfy this standard, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). Because it is clear that defendant is not entitled to relief, the Court denies a certificate of appealability in this case.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's petition for relief pursuant to 28 U.S.C. § 2255 or for a certificate of appealability (Doc. # 444) is hereby **denied**.

IT IS SO ORDERED.

Dated this 14th day of December, 2020, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

---

[3] [1]The denial of a Section 2255 petition is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).